IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE: CRIMINAL PROCEEDINGS )
BY VIDEO OR AUDIO ) CIV. MISC. NO. 2:20-mc-3910-ECM
CONFERENCE )

**GENERAL ORDER**

This General Order is being issued in response to the outbreak of Coronavirus Disease 2019 (COVID-19) within the Middle District of Alabama. On March 13, 2020, under the National Emergencies Act, 50 U.S.C. §§ 1601–1651, the President of the United States declared a national emergency in response to the COVID-19 pandemic. On March 27, 2020, the President signed the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 (the CARES Act), which authorizes the Judicial Conference of the United States to provide the Chief Judge of a United States District Court authority to permit the conduct of certain identified criminal proceedings by video or audio conference.

On March 29, 2020, the Judicial Conference of the United States made the appropriate findings as required by the CARES Act, finding specifically that "emergency conditions due to the national emergency declared by the President . . . have materially affected and will materially affect the functioning of the federal courts generally." Thus, acting pursuant to § 15002(b) of the CARES Act and the authority granted by the Judicial Conference of the United States, I make the following findings and order:

1.   I find that emergency conditions due to the COVID-19 virus outbreak will materially affect the functioning of the courts within this judicial district. Thus, pursuant to the authority granted under § 15002(b)(1) of the CARES Act, I hereby authorize judges

in this district, with the consent of the defendant or the juvenile after consultation with counsel, to use video conferencing, or telephonic conferencing if video conferencing is not reasonably available for use, for the following events:

    A.    Detention hearings under 18 U.S.C. § 3142;

    B.    Initial appearances under Rule 5, Federal Rules of Criminal Procedure;

    C.    Preliminary hearings under Rule 5.1, Federal Rules of Criminal Procedure;

    D.    Waivers of indictment under Rule 7(b), Federal Rules of Criminal Procedure;

    E.    Arraignments under Rule 10, Federal Rules of Criminal Procedure;

    F.    Probation and supervised release revocation hearings under Rule 32.1, Federal Rules of Criminal Procedure;

    G.    Pretrial release revocation hearings under 18 U.S.C. § 3148;

    H.    Appearances under Rule 40, Federal Rules of Criminal Procedure;

    I.    Misdemeanor pleas and sentencings as described in Rule 43(b)(2), Federal Rules of Criminal Procedure; and

    J.    Proceedings under 18 U.S.C. §§ 5031–5043, except for contested transfer hearings, juvenile delinquency adjudications, or trial proceedings.

    2.    Pursuant to § 15002(b)(2) of the CARES Act, I further specifically find that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure, cannot be conducted in person and in court without serious jeopardy to public health and safety. As a result, if judges in individual cases find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests

of justice, judges may, with the consent of the defendant or a juvenile after consultation with counsel, conduct those proceedings by video conference, or by telephonic conference if video conferencing is not reasonably available. This authorization extends to equivalent sentencings or disposition proceedings under the Federal Juvenile Delinquency Act, 18 U.S.C. § 403.

    3.    This authorization is effective for ninety days unless earlier terminated or otherwise ordered. If the emergency persists longer than ninety days, I will review the situation for possible extension of authority pursuant to the provisions of the CARES Act. Notwithstanding the foregoing, pursuant to the provisions of the CARES Act, this authorization shall terminate on the last day of the covered national emergency declared by the President on March 13, 2020 under the National Emergencies Act with respect to COVID-19, or the day on which the Judicial Conference of the United States finds that emergency conditions due to the national emergency no longer materially affect the functioning of the United States courts generally or the courts within this district specifically, whichever occurs first.

To the extent inconsistent with this order, any order in this district is **SUPERSEDED during the period authorized by this Order**.

DONE this the 30th day of March, 2020.

                                       /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE